IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMUEL R. HOGSETT, )<br>)<br>Defendant. ) | CRIMINAL NO. 05-30196-WDS |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court are several motions in limine. The defendant is charged by the grand jury with drug and firearms related offenses. Count 1 charges that on or about July 16, 2005, the defendant, having previously been convicted of a felony, did possess a firearm, a Bryco Arms, Model J-22, .22-caliber semi-automatic pistol, in violation of 18 U.S.C. § 922(g)(1). Count 2 charges that on or about July 16, 2005, the defendant possessed with the intent to distribute approximately 0.5 grams of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). Count 3 charges that on or about July 16, 2005, the defendant, during and in relation to a drug trafficking crime, possessed a firearm in furtherance of the crime, in violation of 18 U.S.C. § 924(g).

Upon review of the record, the Court rules as follows:

1.     Government's motion and notice of intent to introduce evidence pursuant to Fed. R. Crim. P. 404(b). (Doc. 66). The defendant has filed a response and a counter motion in limine seeking to exclude the 404(b) evidence (Doc. 74).

In its Memorandum & Order of October 18, 2006, the Court reserved ruling on the defendant's prior motion in limine on 404(b) evidence (Doc. 18) and directed the defendant to file a response to the government's notice.  In its notice and motion, the government seeks to introduce evidence of defendant's prior bad acts through the testimony of James Gleason, Brian Gleason and April Perry.  James Gleason will testify that he has purchased illegal drugs from the defendant on more than thirty (30) occasions and has seen him with a gun positioned in his waistband during the transactions.  Brian Gleason will testify that he has purchased cocaine from the defendant and April Perry will testify that she helped the defendant package large amounts of cocaine into smaller amounts, and that while doing so, the defendant had a gun on the table.

As the Court discussed in its prior order (Doc. 68), Rule 404(b) generally excludes the introduction of bad acts "to show that a defendant has a propensity to commit a crime and that he acted in accordance with that propensity on the occasion in question." *United States v. Chavis*, 429 F.3d 662, 667 (7th Cir.2005). Bad acts evidence may be admitted, however, for other purposes, such as to show intent, knowledge, lack of mistake, motive, or opportunity. *Id.*  Under Rule 404(b) a four-part standard exists to establish admissibility.

> (1) the evidence [must be] directed toward a matter in issue other than the   defendant's propensity to commit the crime charged; (2)the evidence [must] show[ ] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice.

*United States v. Best*, 250 F.3d 1084, 1090-91 (7th Cir. 2001); *United States v. Anifowoshe*, 307 F.3d 643, 646 (7th Cir. 2002).   The superseding indictment charges the defendant with a substantive narcotics offense, but he is not charged with conspiracy.  In his response, the

defendant asserts that fourth prong of the test would not be met, and that the probative value of this evidence is outweighed by the dangers of unfair prejudice, confusion of the issues and would be misleading to the jury. Generally, evidence of a defendant's other acts, wrongful or otherwise, is inadmissible if the purpose of such evidence is to show the defendant's propensity to commit a crime or to show that he acted in conformity with that propensity. *United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006). Here, however, the evidence of the defendant's prior drug transactions would be admissible to establish proof of the defendant's motive, intent, preparation, plan, and/or absence of mistake.  Moreover, it appears that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, because the Court can instruct the jury on the proper use of 404(b) evidence.  *United States v. Bursey*, 85 F.3d 293, 296 (7th Cir. 1996) (citations omitted).

     The Court **GRANTS** the government's motion (Doc. 66) and **DENIES** defendant's original motion (Doc. 18) and supplemental motion (Doc. 74) and, therefore, will permit the government to introduce Rule 404(b) evidence of the defendant's prior drug transactions and packaging of drugs and the possession of a firearm during those activities.

     2.     Government's motion in limine (Doc. 72) to preclude the defendant from arguing or cross-examining the government's witnesses concerning the Fourth Amendment issues presented in the motion to suppress, which the Court denied (See Memorandum & Order at Doc. 65).   The defendant has not filed a response to this motion.   The Court **GRANTS** the government's motion in limine.  The Court has previously ruled on the legal issues presented in the motion to suppress, including whether there was a legitimate reason to stop the defendant's car, and that the defendant gave consent to search the car.  It is, therefore, appropriate to limit the

cross-examination of the government's witnesses to the factual matters surrounding the stop, arrest of the defendant and the seizure of evidence, but will not permit the defendant to cross-examine these witnesses on any Constitutional challenges to the stop, arrest and seizure of evidence.   The government's motion in limine referencing the Court's Memorandum & Order is, therefore, **GRANTED**.

**IT IS SO ORDERED.**

**DATED: December 13, 2006.**

                                                  **s/ WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**