# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 05-CR-30196-WDS |
| | ) | |
| SAMUEL R. HOGSETT, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are several pretrial motions in limine. The defendant has filed three motions (Docs. 78, 80 and 81) and the government one (Doc. 79). The Court will address each motion in turn.

1.  Defendant's Motion to limit evidence that at the time of the alleged offense, the defendant was on supervised release in the State of Illinois (Doc. 78). The government has filed a response to the motion (Doc. 84) in which it agrees to avoid any direct reference to the defendant being on parole as long as the defendant stipulates to his felony conviction.

The Court has been advised by defense counsel that the defendant will enter into a stipulation as to prior convictions. Assuming that this stipulation will be presented to the jury, the Court **GRANTS** defendant's motion in limine.

2.  Government's motion in limine to prevent the defense from mentioning or arguing punishment (Doc. 79). The defendant has not filed a response to the motion. Upon review of the record, the Court **GRANTS** the government's motion. The defendant, his counsel and any witnesses for the defendant shall neither comment nor argue to the jury possible

punishment to the defendant.

      3.     Defendant's motion in limine regarding the alleged conduct of the defendant's family (Doc. 80), to which the government has filed a response (Doc. 83).  In this motion, the defendant seeks to preclude the following evidence: that the defendant's mother is alleged to have offered financial inducements to a witness to change that witnesses' testimony; that the father of the defendant is alleged to have offered financial inducements to a witness to change that witnesses' testimony; and that other family members have allegedly engaged in acts of physical intimidation towards potential witnesses. The defendant asserts that he has been incarcerated throughout the pendency of this case and that none of these acts can be tied to any type of directive given by him.

      In its response, the government has stated that it does not intend to introduce such testimony during its case in chief, but if either or both of the defendant's parents would testify, the government would seek permission to cross-examine them on this subject.

      In light of the government's response, the Court **GRANTS** defendant's motion in limine. The government shall not, in its case in chief, seek to admit evidence regarding any actions by defendant's family.  This ruling does not apply to cross-examination if these individuals elect to testify in the defendant's case.

      4.     Defendant's motion to preclude evidence that the defendant has two prior felony convictions (Doc. 81).[1]  The government has filed a response to this motion (Doc. 82).  The government indicates that if the defendant testifies, it would seek, during cross-examination of

---

[1] The motion indicates that in addition to the aggravated robbery charge which underlies Count 1, the defendant was sentenced in September, 2001, to thirty months of probation for robbery in Madison County, Illinois and in March of 2004, was sentenced to six years in the Illinois Department of Corrections for aggravated discharge of a firearm in Madison County. The 2004 conviction was in conjunction with the aggravated robbery charge detailed in Count 1 of this Superseding Indictment.

the defendant, to bring in these offenses as they are highly probative of the truthfulness or untruthfulness of the defendant.

Under Fed. R. Evid. 609, the government may impeach the defendant with his prior convictions if he elects to testify.   The standard in this circuit is that "the details of the prior conviction should not [be] exposed to the jury."  *See United States v. White,* 222 F.3d 363, 370 (7th Cir. 2000); *United States v. Robinson,* 8 f.3d 398, 412 (7th Cir. 1993); *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987) (holding that for impeachment purposes, the Court should only admit the name of the crime charged, the date of the offense, and the disposition of the prior conviction).

Notably, if the defendant as a matter of strategy, brings out his prior convictions on direct examination, he may be barred from challenging the admission of evidence of his criminal record.  In *Ohler v. United States,* 529 U.S. 753, 760 (2000), the Supreme Court held that a defendant may not appeal an evidentiary ruling allowing evidence of a prior conviction if the defendant actually introduced the prior conviction, even if a proper contemporaneous objection was made. *Id.* at 760.

Here, if the defendant elects to testify, the Court will allow the government to engage in limited cross-examination on the defendant's prior convictions, in accordance with Seventh Circuit standards. Accordingly, defendant's motion in limine is **DENIED.**

**IT IS SO ORDERED.**

**DATED:**   **January 8, 2007**

                                                 **s/ WILLIAM D. STIEHL**
                                                    **DISTRICT JUDGE**