IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-CR-30196-WDS |
| | ) | |
| SAMUEL R. HOGSETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion seeking retroactive application of the sentencing guidelines related to crack cocaine offenses (Doc. 74). The Court previously denied defendant's requests for retroactive application of the amendments to the Advisory Sentencing Guidelines, finding that the defendant was sentenced as both an armed career offender and a career offender, and therefore, the amendments to the Advisory Sentencing Guidelines did not apply to his sentence. Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Petitioner was found guilty, after a jury trial, of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On April 20,

2007, petitioner was sentenced to 355 months imprisonment, 5 years supervised release, a fine of $750.00, and a special assessment of $300.00. Defendant filed a direct appeal and his conviction was affirmed by the Seventh Circuit Court of Appeals. *United States v. Taylor*, 522 F.3d 731 (7th Cir. 2008). Defendant sought, but was denied, a petition for a writ of certiorari from the Supreme Court of the United States. *Hogsett v. United States*, 555 U.S. 1170 (2009).  This Court has previously denied his petition for habeas review, which included a challenge to his sentence on two mandatory minimum offenses.  (See, Order at Doc. 29 *Hogsett v. United States*, 10-CV-10-WDS).

Defendant asserts that the 2010 amendments to the Sentencing Guidelines indicate that he should not receive a two level enhancement because his offense was committed less than two years after release from imprisonment on a prior offense. Unfortunately for defendant's motion, the 2010 amendment left the career-offender guidelines unchanged. *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011). The Seventh Circuit has held, "[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if ... an amendment listed in sub-section (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline...." *Griffin*, 652 F.3d at 803. See also, *United States v. Forman*, 553 F.3d 585, 590 (7th Cir.2009) (holding that because the defendant's guidelines range remained the same after a retroactive guidelines amendment based on his career-offender status, the amendment did not "have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline" which was the career-offender guideline.) See, U.S.S.G. § 1B1.10 cmt. n. 1(A).

Therefore, upon review of the record, the Court **FINDS** that the most recent amendments to the advisory guidelines would not, given the sentences based upon defendant's career-offender and armed career criminal status, result in a lower guidelines

range than that which he is currently serving, and therefore, the relief which the defendant seeks is not available to him under the amendments to the advisory Sentencing Guidelines.

Accordingly, the Court **DENIES,** on all grounds raised, the motion for further reduction in sentence based on the retroactive amendments to the Sentencing Guidelines as the defendant is not eligible for further reductions (Doc. 74).

**IT IS SO ORDERED.**

**DATED: 05 April, 2013**

                                                           **/s/ WILLIAM D. STIEHL**
                                                               **DISTRICT JUDGE**