IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CR-30196-MJR |
| ) | |
| SAMUEL R. HOGSETT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

REAGAN, District Judge:

Indicted in December 2005 on a felon in possession of a firearm charge and a March 2006 superseding indictment which added narcotics charges, Samuel R. Hogsett (Defendant) proceeded to trial before the Honorable William D. Stiehl, District Judge, in January 2007. A four-day trial culminated in jury verdicts of guilty on all three counts. Judge Stiehl sentenced Defendant in April 2007, and judgment was entered April 24, 2007. Defendant appealed. The United States Court of Appeals for the Seventh Circuit affirmed the judgment of this Court on April 3, 2008. *See United States v. Hogsett*, **522 F.3d 731 (7th Cir. 2008).**

In April 2012, and again in April 2013, Judge Stiehl denied Defendant's three motions to reduce sentence pursuant to 18 U.S.C. 3582 (see Docs. 158, 163). (Defendant also moved this Court for a copy of his docket sheet, a motion which Judge Stiehl granted on May 4, 2012.) In May 2013, the Court of Appeals denied Defendant's petition for writ of mandamus and motion to proceed in forma pauperis (see Doc. 164).

On July 7, 2014, Defendant filed a pro se motion for copies of transcripts. The undersigned District Judge was randomly assigned to handle the motion, as Judge Stiehl had taken recall status from the Court. On July 11, 2014, the undersigned denied the motion as moot, explaining as follows (Doc. 166, p. 2):

> Now before the Court is a "Motion for #37 Docket Transcripts without Payment" (Doc. 165). In this motion, Defendant asks the Court to send him transcript #37. From the body of the motion, the Court can glean that Defendant seeks any transcript relating to the docket entry (from the cm/ecf docket sheet which Judge Stiehl previously provided) at No. 37. Docket entry 37 reflects the April 4, 2006 entry of appearance on Defendant's behalf by Assistant Federal Public Defender Renee Schooley (as co-counsel with Defendant's other defense attorney at that time, Assistant F.P.D. Daniel Cronin).
>
> There is no transcript of or relating to this entry of appearance, so to the extent Defendant moves for a transcript, the motion (Doc. 165) is **DENIED AS MOOT.** In the interest of clarifying any confusion, the Court provides with this Order a copy of Doc. No. 37 – Ms. Schooley's one-page entry of appearance.

On July 28, 2014, Defendant filed a "Motion for FRP Exemption" (Doc. 167). The motion states that when Defendant was convicted herein, he was ordered to pay a fine, that he has made payments toward his fine when possible,[1] but that he is now incarcerated in the SHU (special housing unit) at USP-Atwater, expects to be there until March 2015, and has no way to earn money while so confined. The motion further states that Defendant's mother suffered a stroke in May 2014 and "is in no condition to send him anything," so Defendant is "indigent and cannot pay his (FRP) Fine" (Doc.

---

[1] Financial information maintained by the Clerk's Office of this Court indicates that Defendant has paid $100 toward his special assessment and $100 toward his fine (8 payments of $25 each) to date.

167, p. 2).   On this ground, Defendant asks the Court to "exempt" him from his "fine" obligation.

Review of the docketing information and judgment reveals that Defendant was sentenced to 355 months in prison, 5 years of supervised release, plus a $300 special assessment and a $750 fine.  The "Schedule of Payments" on his judgment (Doc. 109, p. 6) provides:

> Payments are due immediately, through the Clerk of the Court, but may be paid monthly from prison earnings in compliance with the Inmate Financial Responsibility Program at the rate of $10.00 per month or 10% of the monthly balance in his trust fund account, whichever is lesser.  Any financial penalties that remain unpaid at the commencement of the term of supervised release shall be paid at the rate of $20.00 per month, or 10% of defendant's monthly gross earnings, whichever is greater.
>
> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.

The best the Court can glean from the record, Defendant (who remains imprisoned) continues to pay toward his fine, *when able*, at the rate *the lesser of* $10 per month or 10% of the monthly balance in his trust fund account.  If he has a minimal amount of money in his account, he owes 10% of that minimal amount for that month.  If there is no money whatsoever in his account, then for that month he owes 10% of nothing (which is zero).  When Defendant has money, a small portion goes toward his fine.  When he does not have money, no portion goes toward his fine.   The Court appreciates that Defendant cannot earn income while incarcerated in the SHU, but the Court is unclear how Defendant suffers penalty, prejudice, or hardship from the current system of monthly payments, imposed in his judgment.

Simply put, the Court knows of no legal ground on which (and Defendant has identified no basis on which) to modify the sentence and judgment to "exempt" Defendant from his fine responsibility herein. For these reasons, the Court **DENIES** Defendant's motion for exemption (Doc. 167).

IT IS SO ORDERED.

DATED July 30, 2014.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge
