IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

      Plaintiff,

vs.

SAMUEL R. HOGSETT.

      Defendant.

Case No. 05-cr-30196-SMY

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Correct Clerical Error (Doc. 169). Defendant asserts that he was erroneously sentenced as a career offender and under the Armed Career Criminal Act due to a mischaracterization of a prior offense on his pre-sentence report. He further states that, if his pre-sentence report is altered, he is entitled to be resentenced under reduced guidelines.

Generally, district courts have limited power to revisit sentences after they are imposed. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir.2003). A court can, however, correct "arithmetical, technical, or other clear error[s]" within seven days after sentencing, Fed.R.Crim.P. 35(a), or correct a "clerical error" in a judgment or order at any time. Fed.R.Crim.P. 36.

Defendant's motion is clearly a collateral attack on his sentence. The challenge is not to any clerical error but to the findings in the PSR relating to prior offenses that led to him being sentenced as a career offender. Such a collateral attack on Defendant's prior sentencing calculation extends beyond the jurisdictional grant of 18 U.S.C. § 3582(c). See, *United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir.2008); *United States v. Williams*, 2008 WL 3861175;

*United States v. Smith*, 2008 WL 2600789 (E.D.Wis.2008). The Court has no jurisdiction to reopen and reconsider the factual basis underlying Defendant's original sentence. See *United States v. Johnson*, 2008 WL 4198599, at *2 (S.D. Ill. Sept. 11, 2008) *aff'd*, 571 F.3d 716 (7th Cir. 2009)

Although a district judge may correct a final judgment in a criminal case to reflect the sentence he actually imposed, "he cannot change the sentence he did impose even if the sentence was erroneous." *Lawrence,* 535 F.3d at 636 (quoting *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir.2006)). Rule 36 simply does not apply. Accordingly, Defendant's Motion to Correct Clerical Error (Doc. 169) is DENIED.

**IT IS SO ORDERED.**

**DATED: April 21, 2015**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**