IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 05-CR-30196-SMY |
| SAMUEL R. HOGSETT, JR., | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Defendant Samuel R. Hogsett Jr.'s *pro se* Motion to Correct Statute in Indictment and Evidentiary Hearing; Correct Conditions of Release; and Request for Appointment of Counsel (Doc. 179). For the following reasons, the Motion is **DISMISSED for lack of jurisdiction**.

In January 2007, following a jury trial, Hogsett was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Hogsett filed a direct appeal and his conviction was affirmed by the Seventh Circuit Court of Appeals. *United States v. Taylor*, 522 F.3d 731 (7th Cir. 2008). Hogsett then filed a Petition for a Writ of Certiorari in the United States Supreme Court, which was denied. *Hogsett v. United States*, 555 U.S. 1170 (2009).

On January 4, 2010, Hogsett filed a motion to vacate set aside, or correct sentence under 28 U.S.C. § 2255 (*Hogsett v. United States*, Case No. 10-cv-10, Doc. 1). This Court entered

judgment against Hogsett, finding that he had not made a substantial showing of the denial of a constitutional right (Doc. 29). The Seventh Circuit denied his request for a Certificate of Appealability. In July 2018, Hogsett filed another habeas petition, this time based on *Johnson v. United States*, 135 S.Ct. 2251 (2015) (*Hogsett v. United States*, 16-cv-779, Doc. 1). The Petition was denied and Judgment was entered on November 6, 2018 (Doc. 12).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review." *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is considered a "second or successive" motion, which a district court may not entertain "unless the prisoner has first obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

In his latest motion, Hogsett moves for relief asserting that he was erroneously sentenced based on mistakes in the original indictment related to the amount of drugs in his possession. He further asserts that he is entitled to be resentenced. Hogsett's motion is clearly another collateral attack on his sentence and must be dismissed as an unauthorized successive habeas petition. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255. The Seventh Circuit has not done so. Therefore, the Court lacks jurisdiction to consider Hogsett's motion, and **DISMISSES** it for **lack of jurisdiction**.

**IT IS SO ORDERED.**

**DATED: February 4, 2019**

                **s/ Staci M. Yandle**
                **STACI M. YANDLE**
                **United States District Judge**