## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 05–CR-30196-SMY** |
| ) | |
| ) | |
| **SAMUEL R. HOGSETT,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

This matter comes before the Court on Defendant Samuel R. Hogsett's motions for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Docs. 182 and 184). The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B). Federal Public Defender Todd Schultz entered his appearance on behalf of the Defendant (Doc. 186) and subsequently filed a Motion to Withdraw as Counsel on the basis the First Step Act does not apply (Doc. 187). For the following reasons, the Motion to Reduce Sentence under the First Step Act is **DENIED** and the Motion to Withdraw as Counsel is **GRANTED**.

Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). The First Step Act retroactively applies the Fair Sentencing Act's lower statutory

sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence under the First Step Act is within the discretion of the Court. First Step Act, § 404(c). In other words, the Court may, but is not required to, reduce a defendant's sentence if the Fair Sentencing Act changed the applicable statutory penalty range.

Defendant was convicted for being a felon in possession of a firearm (Count 1), possession with intent to distribute .5 grams of a mixture or substance containing cocaine (Count 2), and possession of a firearm during and in relation to a drug-trafficking crime (Count 3). He was sentenced on April 20, 2007 to 355 months in prison, consisting of 295 months on Count 1, a concurrent term of 240 months on Count 2, and a consecutive term of 60 months on Count 3.

Defendant's conviction is not covered by § 404 of the First Step Act. Counts 1 and 3 are not crack cocaine offenses. Although Count 2 is a crack cocaine offense, the Fair Sentencing Act did not modify the applicable statutory sentencing range for Count 2. At the time Defendant committed the crimes, Count 2 was a Class C felony with a statutory sentencing range of no more than 20 years in prison. 21 U.S.C. § 841(b)(1)(C). Section 2 of the Fair Sentencing Act did not lower that statutory range. *See United States v. Rush,* 2019 WL 3767011, at *2 (S.D. Ill. Aug. 9, 2019); *United States v. Wooters*, 2019 WL 1897085, at *3 (S.D. Ill. Apr. 29, 2019). For these reasons, the First Step Act does not authorize a reduction in the Defendant's sentence.

Accordingly, the Court **DENIES** the Defendant's motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the

Fair Sentencing Act (Docs. 182 and 184) and **GRANTS** AFPD Todd Schultz's Motion to Withdraw as Counsel (Doc. 187).

**IT IS SO ORDERED.**

**DATED:  December 4, 2019**

**STACI M. YANDLE**
**United States District Judge**