IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 05–CR-30196-SMY |
| SAMUEL R. HOGSETT, | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Defendant Samuel R. Hogsett was convicted of being a felon in possession of a firearm (Count 1), possession with intent to distribute .5 grams of a mixture or substance containing cocaine (Count 2), and possession of a firearm during and in relation to a drug-trafficking crime (Count 3). He was sentenced on April 20, 2007 to 355 months in prison, consisting of 295 months on Count 1, a concurrent term of 240 months on Count 2, and a consecutive term of 60 months on Count 3.

Defendant moved for a reduction of his sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Docs. 182 and 184). Federal Public Defender Todd Schultz entered his appearance on Defendant's behalf (Doc. 186) and subsequently filed a Motion to Withdraw as Counsel on the basis the First Step Act does not apply (Doc. 187). The Court granted the motion to withdraw and denied Defendant's motion to reduce his sentence (Doc. 196). Now before the Court is Defendant's Motion for Leave to Appeal *in Forma Pauperis* ("IFP") (Doc. 198).

28 U.S.C. § 1915(a)(1) allows federal district courts to authorize the commencement of a criminal appeal without prepayment of fees, by a person who submits an affidavit that identifies the nature of the appeal and includes a statement of assets showing that he "is unable to pay such fees or give security therefor." However, under § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the district court certifies in writing that it is not taken in good faith. *See also Walker v. O'Brien*, 216 F.3d 626, 630–31 (7th Cir. 2000). An appeal is taken in good faith if a reasonable person could suppose that the appeal has some merit. *Walker*, 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)).

Defendant's motion provides necessary details regarding his financial condition, from which the Court finds that he is indigent. Further, Defendant identifies the issues he intends to appeal; he asserts that he should be eligible for a sentence reduction as to Count 2 of his sentence because he was convicted under 21 U.S.C. § 841(b)(1)(C). Whether defendants convicted under § 841(b)(1)(C) are eligible for relief remains an open question in the Seventh Circuit as noted by the FPD prior to moving to withdraw.

Accordingly, the Court finds that Defendant's appeal is taken in good faith and the Motion to Appeal in Forma Pauperis (Doc. 198) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:** February 28, 2020

**STACI M. YANDLE**
**United States District Judge**