IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )     Case No. 05–cr-30196-SMY
                                     )
                                     )
SAMUEL R. HOGSETT,                   )
                                     )
            Defendant.               )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Defendant Samuel R. Hogsett moved for a sentence reduction under the First Step Act in 2019 (Docs. 182, 184). The Court denied the motions on the basis that Hogsett's crime under 21 U.S.C. § 841(a)(1), (b)(1)(C) was not a covered offense (Doc. 196). The Seventh Circuit initially reversed in *United States v. Hogsett*, 982 F.3d 463, 468 (7th Cir. 2020), but later vacated its decision and affirmed this Court's denial of Hogsett's motions after the Supreme Court held that persons convicted under § 841(b)(1)(C) are ineligible for resentencing under the Fair Step Act. *United States v. Terry*, 141 S. Ct. 1858, 1862 (2021).

This matter now comes before the Court on Hogsett's motion to supplement his motion to reduce sentence under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 240), which the Court construes as a second motion to reduce. Hogsett asserts that under *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020), he is eligible for a reduction, even if his crack cocaine offense is not a covered offense.

Section 404 of the First Step Act permits the district court to reduce a defendant's sentence for a crack cocaine offense, but only if the sentence was imposed before the passage of the Fair Sentencing Act, which lowered the statutory sentencing range for that crack cocaine offense. First Step Act, §

404(b).  Thus, a court's authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.  *See* First Step Act, § 404(a).

Citing *United States v. Hudson*, Hogsett argues that his crimes were covered offenses and that this Court should exercise discretion to reduce his sentence.  Pursuant to *Hudson*, when a defendant has been sentenced for two crimes, only one of which is covered by the First Step Act, "a district judge has discretion to revise the entire sentencing package."  *Hudson*, 967 F.3d at 610.

Hogsett was convicted of being a felon in possession of a firearm (Count 1), possession with intent to distribute .5 grams of a mixture or substance containing cocaine (Count 2), and possession of a firearm during and in relation to a drug-trafficking crime (Count 3).  Counts 1 and 3 are not crack cocaine offenses.  And although Count 2 is a crack cocaine offense, the Fair Sentencing Act did not modify the applicable statutory sentencing range for Count 2.  *See Terry* 141 S. Ct. at 1862.

Simply put, Hogsett's offenses of conviction are not covered offenses under § 404 of the First Step Act.  While it is true that, under *Hudson*, Hogsett would have been eligible for a reduction had his sentence under § 841(b)(1)(C) been a component of a sentencing package that included a sentence under § 841(b)(1)(A)(iii) or (b)(1)(B)(iii), that is not the case – neither Counts 1 or 3 were crack cocaine offenses.

Accordingly, Hogsett's second motion for a sentence reduction (Doc. 240) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 1, 2022**

**STACI M. YANDLE**
**United States District Judge**