IN THE U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| United States of America, | No. 05-CR-30196-SMY |
|---|---|
| Plaintiff, | |
| v. | Supplement to Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) |
| Samuel Hogsett, | |
| Defendant. | |

Mr. Samuel Hogsett submits this supplement to his pending motion for a reduced sentence, originally filed on April 30, 2024. *See* ECF No. 261. He raises two additional arguments based on his recent diagnosis with chronic lymphocytic leukemia/small lymphocytic lymphoma ("CLL/SLL").

First, Mr. Hogsett's CLL/SLL is "extraordinary and compelling" and warrants a reduction to time served. As Dr. James J. Stark—an oncologist that undersigned counsel retained to review Mr. Hogsett's medical records—opines, without treatment, Mr. Hogsett "will not live a year."[1] This end-of-life trajectory makes Mr. Hogsett's illness "terminal" under (b)(1)(A). *See* U.S.S.G. § 1B1.13(b)(1)(A). Second, Mr. Hogsett's CLL/SLL is "extraordinary and compelling" under (b)(1)(C) because the Bureau of Prisons ("BOP") has failed to provide Mr. Hogsett with treatment, has said that it will not do so, and without treatment Mr. Hogsett will die. *See* U.S.S.G. § 1B1.13(b)(1)(C). Finally, even if Mr. Hogsett's cancer does not meet (b)(1)(A) or (b)(1)(C), the Court should consider his medical condition along with the circumstances that he has argued previously are "similar in gravity" to § 1B1.13(b)(1)-(4) and warrant a reduction under § 1B1.13(b)(5). *See* ECF No. 261-1 at 17.

### I. Background[2]

Mr. Hogsett has experienced many health issues during his incarceration.[3] Most relevant now,

---

[1] Ex. S (Report).
[2] This background relates only to Mr. Hogsett's medical circumstances.
[3] *See generally* Ex. T (April 2025 Bop Health Records) *see also* ECF No. 261-1 at 17 (health concerns).

1

in May 2023, Mr. Hogsett first noticed lumps around his groin and alerted the BOP.[4] In July 2023, Mr. Hogsett had a computed tomography (CT) scan.[5] The scan revealed "prominent" but not pathologically enlarged lymph nodes around his pelvis.[6] In August 2023, Mr. Hogsett saw an oncologist, who reviewed his scans but did not examine Mr. Hogsett's groin.[7] As Dr. James J. Stark opines, this was "a remarkable omission."[8] The first of many.

The oncologist recommended a follow-up.[9] The BOP scheduled a follow-up on the same day that Mr. Hogsett had an in-person visit from counsel.[10] The BOP did not tell him (or counsel) in advance about the medical appointment—and because counsel had travelled more than four hours to visit—Mr. Hogsett attended the legal visit. The BOP did not reschedule Mr. Hogsett's appointment for more than a year.

By late 2023, Mr. Hogsett was experiencing night sweats.[11] In September 2024, he noticed more swelling, this time in his neck.[12] In November 2024, Mr. Hogsett reported his worsening symptoms, and, this time, the BOP scheduled additional testing.[13] CT scans in December 2024 revealed "significant interval increase in [lymph node swelling] throughout the chest, abdomen, and pelvis" and "pathological sized lymph nodes within the neck."[14] In January 2025, Mr. Hogsett met with an oncologist, and the doctor flagged that Mr. Hogsett had been "lost to follow up" and ordered

---

[4] Ex. U at 1 (2023.05.30 Clinical Encounter at 1).
[5] Ex U at 3 (2023.07.18 CT Scan Results at 1).
[6] *Id.*
[7] Ex. U at 8 (2023.08.07 Oncology Notes at 2); Ex. S at 2.
[8] Ex. S at 2.
[9] Ex. U at 5 (2023.08.07 Clinical Encounter at 1).
[10] *See* Ex. U at 12 (2023.10.24 Clinical Encounter at 1); Ex. V (Email Re Legal Visit)
[11] Ex. W (Email)
[12] *See* Ex. U at 13 (2024.11.15 Clinical Encounters at 1) ("reports inguinal symptoms still present"), *id.* at 16 ("inmate has multiple swollen lymph nodes in his neck . . . states these have been present for two months").
[13] *Id.* at 13–14.
[14] *Id.* at 18 (2025.01.13 Oncology Notes at 1).

a biopsy.[15] Given previous delays in treatment, counsel forwarded a letter to the BOP drafted by two doctors from the Medical Justice Alliance, urging that Mr. Hogsett be seen for a biopsy without delay.[16]

In February 2025, Mr. Hogsett had an excisional right groin lymph node biopsy.[17] At the time, he was struggling with fevers, chest pain, abdominal pain, and continuing night sweats.[18] His biggest lymph node measured 3.5 by 7 c.m., which Dr. Stark describes as "extremely enlarged."[19] Mr. Hogsett was then diagnosed with chronic lymphocytic leukemia/small lymphocytic lymphoma (CLL/SLL).[20]

In April 2025, further testing showed that Mr. Hogsett's cancer had spread to his bone marrow.[21] Today, he has even more lumps on his body; lumps bigger than golf balls.[22] Yet Mr. Hogsett's next appointment is July 14, 2025.[23] The BOP has determined that his cancer does not need treatment. No "specific procedures are planned" beyond monitoring and periodic testing.[24] After reviewing Mr. Hogsett's medical records, however, Dr. Stark came to a different conclusion.[25] As he writes in his report:

> Based on this history, physical findings and X-ray reports, Mr. Hogsett has a rapidly progressive malignancy. CLL/SLL is often asymptomatic and very slow growing and needs no therapy for extended periods of time. This case is not that. Mr. Hogsett is getting sicker and weaker, and in my opinion, if he does not return to the oncologist until July, he will be much sicker. Why the doctors at that practice have procrastinated in treating him is unclear, but in my opinion, based on decades of education, training, and experience, he is not receiving adequate care. The longer he goes without treatment, the sicker he will become; at some point he will literally be too ill to treat and might even die in the interim.[26]

---

[15] *Id.*
[16] Ex. X at 5–8.
[17] Ex. U at 22 (2025.02.25 Anderson Medical Group Notes at 1).
[18] *Id.* at 28–31 (2025.02.04 Anderson Medical Group Notes at 2–5).
[19] Ex. S at 2.
[20] Ex. U at 27 (2025.02.25 Anderson Medical Group Notes at 1).
[21] *Id.* at 31 (2025.04.08 Pathology Report at 1); Ex. S.
[22] Ex. Y (Cousin's Email) (noting what she observed at a visit on May 17, 2025).
[23] Ex. U at 33 (2025.04.14 Appointment Reminder at 1).
[24] *Id.* at 34 (2024.04.22 Clinical Encounter at 1).
[25] *See* Ex. S at 2.
[26] *Id.*

Dr. Stark opines that, if Mr. Hogsett's cancer is managed, he could "live for years and possibly more than a decade."[27] But the longer the BOP delays care, the harder it will be to treat.[28] Dr. Stark concludes, "[w]ithout adequate care" Mr. Hogsett "will not live a year."[29]

## II. Legal Analysis

To warrant a reduction under § 3582(c)(1)(A), there are three requirements: (1) exhaustion, (2) an "extraordinary and compelling" reason; and (3) a favorable balancing of 18 U.S.C. § 3553(a). *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). Mr. Hogsett satisfies these requirements.

### A. Mr. Hogsett has exhausted his administrative remedies.

First, Mr. Hogsett has exhausted this medical claim. *See* 18 U.S.C. § 3582(c)(1)(A). After being diagnosed with cancer, on March 19, 2025, Mr. Hogsett filed a request for a reduced sentence with the Warden through counsel.[30] More than 30 days have passed. Exhaustion is satisfied.

### B. Mr. Hogsett has two additional "extraordinary and compelling" reasons for release under § 1B1.13 based on his medical circumstances and sentence length.

Second, in addition to the grounds raised previously, Mr. Hogsett has two additional, independent "extraordinary and compelling" reasons for release under § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b): (1) his lymphoma is "terminal" under (b)(1)(A); and (2) he needs specialized treatment that the BOP is not providing and without which he will die, as contemplated by (b)(1)(C).

#### 1. Mr. Hogsett's cancer is currently "terminal" under (b)(1)(A).

Mr. Hogsett's first "extraordinary and compelling" reason is his CLL/SLL, which qualifies as a "terminal" illness when untreated. U.S. Sentencing Guideline § 1B1.13(b)(1)(A) defines "extraordinary and compelling" as including when:

> The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability

---

[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *See generally* Ex. X.

4

of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

Here, Mr. Hogsett has been diagnosed with a serious cancer that has spread throughout his body. Because the BOP is refusing to provide treatment, Dr. Stark concluded that Mr. Hogsett "will not live a year."[31] Therefore, in its current state, Mr. Hogsett's cancer puts him on a swift end-of-life trajectory and qualifies as "extraordinary and compelling" under (b)(1)(A). *See United States v. Raines*, No. 1:20-CR-7-JPH-KMB-1, 2024 WL 3830678, at *2 (S.D. Ind. Aug. 15, 2024) (finding that a cancer with a low survival rate qualified as "extraordinary and compelling" under (b)(1)(A)); *United States v. Unrein*, No. 22-11863, 2023 WL 5975425, at *1 (11th Cir. Sept. 14, 2023) (finding lymphoma "extraordinary and compelling" under (b)(1)(A)).

### 2. The BOP has failed to provide care to Mr. Hogsett, which has put him at risk of significant deterioration and death as contemplated by (b)(1)(C).

The BOP's failure to treat Mr. Hogsett and its detrimental effect on Mr. Hogsett's health is also "extraordinary and compelling" under (b)(1)(C). U.S. Sentencing Guideline § 1B1.13(b)(1)(C) defines "extraordinary and compelling" as including when:

> The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

Mr. Hogsett is suffering from cancer, that, in Dr. Stark's opinion, requires "a combination of chemotherapy drugs, antibodies against the surface proteins on his lymphoma cells unique to his cancer, and so-called tyrosine kinase inhibitors"—in other words, specialized care.[32] *See United States v. Samuel*, No. CR ELH-16-0117, 2023 WL 8650366, at *16 (D. Md. Dec. 14, 2023) (looking at the complexity of the required medical procedure to determine whether it

---

[31] Ex. S at 2.
[32] *Id.*

qualifies as "specialized care"). As noted previously, the BOP's refusal to provide treatment puts Mr. Hogsett at serious risk because, without treatment, Mr. Hogsett "will not live a year."[33] Consequently, Mr. Hogsett has an "extraordinary and compelling" reason under (b)(1)(C). *See United States v. Russell*, 757 F. Supp. 3d 1132, 1139 (D. Idaho 2024) (finding an "extraordinary and compelling" reason under (b)(1)(C) when the defendant received some care, but the care was not sufficient to keep her condition from deteriorating); *United States v. Hougen*, No. 5:20-CR-00432-1 EJD, 2025 WL 798604 , at *2 (N.D. Cal. Mar. 10, 2025) (finding an "extraordinary and compelling" reason under (b)(1)(C) due to a history of "lengthy and unexplained delays in diagnosis, testing, and treatment" and no timeline for future treatment).

### 3. Mr. Hogsett's medical circumstances also should be added to the circumstances that he previously argued qualify under (b)(5).

The combination of Mr. Hogsett's circumstances—cancer, the BOP's failure to begin treatment, and an unusually long sentence driven by racial disparities and a trial penalty—is "extraordinary and compelling" under (b)(5) because it is similar in gravity to the other circumstances outlined in § 1B1.13(b). *See* U.S.S.G. § 1B1.13(b)(5).

There is little caselaw defining "similar in gravity," but courts have found circumstances like Mr. Hogsett's warrant release. *See United States v. Martinez*, 2024 U.S. Dist. LEXIS 195601, at *15 (S.D.N.Y. Oct. 25, 2024) (delayed treatment for cancer); *United States v. Blackman*, No. 1:13-CR-00268-1, 2023 WL 6536972, at *4 (N.D. Ill. Oct. 6, 2023) (same); *United States v. Golding*, 2022 WL 2985014, at *5 (S.D.N.Y. 2022) (drug and murder offense at age 20); *Haynes*, 456 F. Supp. 3d at 517–18 (E.D.N.Y. 2020) (37-year trial penalty); *Carrington*, No. 09-CR-160-REP, 2022 WL 617617, at *2 (E. D. Va. 2022) (8-year trial penalty); *United States v. Spotts*, No. 98-47-01-RCC, 2022 WL 4591807, at *7 (S.D.W. Va. Oct. 19, 2022) (racial disparities in crack sentencing); *United States v. Samas*, 18-CR-296-

---

[33] *Id.*

JAM, 2021 WL 5996815, at *3 (D. Conn. 2021) (racial disparities in crack sentencing); *United States v. Davila*, 584 F. Supp. 3d 1001, 1006 (D. Kan. 2022) (rehabilitation with other factors).

### C. Adding Mr. Hogsett's cancer to the 18 U.S.C. § 3553(a) analysis shows that Mr. Hogsett warrants immediate release.

Finally, this Court must also consider the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Hogsett's cancer indicates he is unlikely to recidivate or pose a danger. People who are terminally ill or sick are less likely to recidivate. *See, e.g.*, *United States v. Hatcher,* No. 2-CR-82, 2023 WL 8698932, at *2 (D. Neb. Dec. 15, 2023) (finding that a defendant "presents little safety risk or risk of recidivism" based on his cancer diagnosis); *United States v. Coles*, No. 19-CR-789, 2023 WL 1865349, at *3 (S.D.N.Y. Feb. 9, 2023) (same).

And as outlined in his previous release plan and the updated letter from his cousin,[34] Mr. Hogsett has the support needed to reintegrate, continue his rehabilitation process, and seek the treatment that he is being denied in custody. *See United States v. Blackman*, No. 1:13-CR-00268-1, 2023 WL 6536972 (N.D. Ill. Oct. 6, 2023) (noting that "perhaps one of the more compelling factors in favor of release is [the defendant's] need to receive adequate medical care" and highlighting the defendant's ability to receive care and support outside of prison).

### III. Conclusion

As argued previously, Mr. Hogsett is serving a 29.5-year sentence that would not be imposed today. Now, he is sick with cancer that the BOP is refusing to treat. Without treatment, a medical expert has determined he will die within a year.[35] Mr. Hogsett has shown that he satisfies the standard for a reduction in his sentence under § 1B1.13(b)(1)(A), (b)(1)(C), (b)(5), and (b)(6), and he respectfully asks this Court to grant his motion.

//

---

[34] Ex. Y (Email)
[35] *Id.*

7

Dated: May 18, 2025

/s/ Alison K. Guernsey
Alison K. Guernsey
Attorney for Samuel Hogsett
Clinical Professor
*Pro Hac Vice Admission*
UNIVERSITY OF IOWA COLLEGE OF LAW
FEDERAL CRIMINAL DEFENSE CLINIC
380 Boyd Law Building
Iowa City, IA 52245
NY #4667366
(319) 335-9023 phone
alison-guernsey@uiowa.edu

**Certificate of Service**

I hereby certify that on May 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Angela Scott, Assistant United States Attorney.

/s/ Alison K. Guernsey
Alison K. Guernsey