**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) **Case No. 05-cr-30196-SMY** |
| | ) |
| **SAMUEL R. HOGSETT, JR.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**YANDLE, Chief District Judge:**

Following a jury trial, Defendant Samuel R. Hogsett, Jr.  was sentenced to 355 months' imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2); and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3) (Docs. 105, 109).  He is currently housed at Butner Low FCI, and his projected release date is January 10, 2032.

Now pending before the Court is Hogsett's Motion for Compassionate release pursuant to the First Step Act of 2018 (Doc. 274), which the Government opposes (Doc. 271).  Hogsett subsequently filed supplements to his motion (Docs. 276, 278), to which the Government did not respond.  For the following reasons, the motion is **GRANTED**.

In his motion, Hogsett asserts that his unusually long sentence is extraordinary and compelling as defined by § 1B1.13(b)(6).  While his motion was pending, Hogsett was diagnosed with advanced-stage chronic lymphocytic leukemia and small lymphocytic lymphoma (CLL/SLL).  He subsequently filed two supplements to add medical grounds to his argument for release.

## Discussion

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b). Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The U.S. Sentencing Commission amended the Guidelines Manual, effective November 1, 2023, and identified several new circumstances as "extraordinary and compelling", including when a defendant received an "unusually long sentence." If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce gross disparity between the sentence being served and the sentence likely to be imposed at

the time that the motion is filed, and after full consideration of the defendant's individualized circumstances.  U.S.S.G. § 1B1.13(b)(6).

Hogsett first asserts that he would receive a lower sentence today because of subsequent changes to which convictions qualify as predicates under the Armed Criminal Career Act and the career offender guideline.  Specifically, he argues that under *Borden v. United States*, 141 S.Ct. 1817, 1834 (2001), reckless crimes are not included under the ACCA's "elements clause" definition of "violent felony" and that after *Borden*, he is no longer ACCA eligible on Count 1 because his Illinois robbery conviction is not a "violent felony."

Non-retroactive changes in sentencing laws are not grounds for compassionate release.  *See Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026); *Rutherford v. United States*, 146 S. Ct. 1320, 1330-31 (2026); *United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021) (non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)).  Moreover, Hogsett's reliance on *Borden* is misplaced because, under Seventh Circuit precedent, Illinois robbery is a violent felony.

In *United States v. Smith*, the Seventh Circuit reaffirmed its precedent that Illinois robbery requires as an element the use, attempted use, or threatened use of physical force against another and therefore categorically qualifies under the elements clause.  *See United States v. Smith,* 109 F.4th 888, 891 (7th Cir. 2024), *reh'g denied,* No. 23-1272, 2024 WL 4665108 (7th Cir. Nov. 4, 2024). The *Smith* Court also addressed and rejected the same argument Hogsett raises, that the catch-all provision of 720 ILCS § 5/4-3(b) dictates that Illinois robbery does not have the requisite mens rea to qualify as a crime of violence (or, in

other words, that it requires a minimum mens rea of recklessness must be read into the robbery statute). *Id.* at \*5.  Thus, Hogsett's *Borden* argument fails.

That said, Hogsett's supplements provide an independent basis for compassionate release.    U.S. Sentencing Guideline § 1B1.13(b)(1)(A) defines "extraordinary and compelling" as including when:

> The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

Here, the undisputed medical evidence establishes that Hogsett has been diagnosed with advanced-stage chronic lymphocytic leukemia and small lymphocytic lymphoma (CLL/SLL).  Oncologist Dr. James J. Stark reviewed Hogsett's medical records and opined that his cancer requires specialized care.  Hogsett's diagnosis is sufficient for this Court to find extraordinary and compelling reasons for release under § 1B1.13(b)(1)(A).

As to the §3553(a) factors, Hogsett's offenses are serious and his incarceration has not been free of disciplinary infractions.  However, the Court finds that given Hogsett's cancer diagnosis and medical condition, he is unlikely to commit additional crimes if released.  As he has been incarcerated for almost 20 years, the sentencing objectives of just punishment and specific deterrence have been meaningfully addressed.  Hogsett also has a suitable home plan and a supportive family (Doc. 276-9).

## Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582 (c)(1)(A) (Doc. 261) is **GRANTED**. Consistent with 18 U.S.C. § 3582(c)(1)(A), Hogsett's sentence is reduced to time served. Hogsett shall be released from

the custody of the Bureau of Prisons as soon as the release plan can be implemented and travel arrangements can be made.  Upon his release from the custody of the Bureau of Prisons, Hogsett shall begin serving the five-year term of supervised release previously imposed.

**IT IS SO ORDERED.**

**DATED:  July 22, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**